UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GODFREY LOGAN, JR., | No. 2:25-cv-02565-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| PANDA EXPRESS, et al., | |
| Defendants. | |

      Plaintiff, proceeding without counsel, filed a complaint and a motion to proceed in forma pauperis on September 9, 2025. (ECF Nos. 1, 2.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Venue does not lie in this district. For the following reasons, the court will transfer this action to the United States District Court for the Central District of California.

      If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there

1    is no district in which an action may otherwise be brought as provided in this section, any judicial
2    district in which any defendant is subject to the court's personal jurisdiction with respect to such
3    action." 28 U.S.C. § 1391(b).
4         Here, the named defendants are located in Anaheim, California, which is in the Central
5    District of California.[1] In addition, it appears the complaint's allegations involve events that took
6    place in Anaheim. The complaint's allegations do not establish that a substantial part of the
7    events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2).
8    Venue does not properly lie in this district. See 28 U.S.C. § 1391(b).
9         Under 28 U.S.C. § 1406(a), a district court may transfer a case brought in the wrong
10   division or district if it is "in the interest of justice" to do so. If a district court denies such a
11   transfer in its discretion, then the court must dismiss the suit. 28 U.S.C. § 1406(a). Transfer is
12   generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit
13   could have been brought. E.g., Ali v. Carnegie Inst. of Washington, 967 F. Supp. 2d 1367, 1391-
14   92 (D. Or. 2013), aff'd, 684 F. App'x 985 (Fed. Cir. 2017). Dismissal is appropriate when the
15   case was deliberately filed in the wrong court through forum shopping, Wood v. Santa Barbara
16   Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint
17   could not be amended to state a cognizable claim, see generally Lemon v. Kramer, 270 F.Supp.3d
18   125, 140 (D. D.C. 2017).
19        Here, plaintiff may have accidently filed the case in the wrong venue, as the caption of the
20   complaint states "Central District of California."[2] (See ECF No. 1.) Further, the court is unable to
21   conclude there are no circumstances under which plaintiff can state a cognizable claim. The court
22   will transfer this action to the Central District of California pursuant to 28 U.S.C. § 1406(a). In
23   transferring this action, this court expresses no opinion regarding the merits of plaintiff's

---

[1] Plaintiff's address of record is in Los Angeles, California.

[2] The Court notes that plaintiff has filed nine cases in this Court in the past year, six of which (including this case) have been transferred to a different district. Plaintiff is warned that continue failure to file in the improper district could be construed as deliberate forum shopping and result in dismissal. See Wood, 705 F.2d at 1523.

2

1 | complaint. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Central District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).
2. The Clerk of the Court shall close this case.

Dated: September 11, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, loga.2565.25